```
                IN THE UNITED STATES DISTRICT COURT FOR THE
                        EASTERN DISTRICT OF OKLAHOMA

ROBERT RICHARD,                  )
                                 )
            Plaintiff,           )
                                 )
v.                               )      Case No. CIV-16-528-KEW
                                 )
Commissioner of Social           )
Security Administration,         )
                                 )
            Defendant.           )
```

## OPINION AND ORDER

Plaintiff Robert Richard (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 62 years old at the time of the ALJ's decision. Claimant completed her education through the ninth grade with special education classes. Claimant has worked in the past as a dishwasher/bus boy, assembly line worker, maintenance worker, fast food cook, and carpenter's helper. Claimant alleges an inability to work beginning December 23, 2013 due to limitations resulting

from mental limitations, right shoulder pain, muscle cramps, and high blood pressure.

## Procedural History

On January 3, 2014, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On June 9, 2015, an administrative hearing was conducted by Administrative Law Judge ("ALJ") Richard Kallsnick in Tulsa, Oklahoma. The ALJ entered an unfavorable decision on June 23, 2015. The Appeals Council denied review of the decision on October 14, 2016. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform his past relevant work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in failing to find

Claimant's intellectual disability met or equaled a listing.

## Consideration of a Listing

In his decision, the ALJ determined Claimant suffered from the severe impairments of borderline intellectual functioning; anxiety state, NOS; and psychosis, NOS, controlled by medication. (Tr. 28). The ALJ concluded Claimant retained an RFC to perform a full range of work at all exertional levels with the non-exertional limitation of performing simple tasks with routine supervision, could relate to co-workers and supervisors for work-related purposes, and could not work with the general public. (Tr. 30). After consultation with a vocational expert, the ALJ found Claimant could perform his past relevant work as a dishwasher. As a result, the ALJ determined Claimant had not been under a disability from December 23, 2013 through the date of the decision. (Tr. 34).

Claimant contends the ALJ should have determined that his intellectual disability met or equaled a listing. The ALJ is required to follow the procedure for determining mental impairments provided by regulation. 20 C.F.R. §§ 404.1520a, 416.920a; *See*, Listing of Impairments. The procedure must be followed for the evaluation to be considered valid. Andrade v. Sec. of Health & Human Services, 985 F.2d 1045, 1048 (10th Cir. 1993). The ALJ must first determine whether there are medical findings of mental

impairment especially relevant to the ability to work found in Part A of the Listing of Impairments. 20 C.F.R. §§ 404.1520a(b)(2), 416.920a(b)(2). Additionally, Claimant must show he satisfies two of the following required restrictions: (1) marked restriction in activities of daily living; or (2) marked difficulties in maintaining social functioning; or (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00C, 12.04. The ALJ must then either evaluate the degree of functional loss resulting from the impairment, using the Part B criteria, or examine the special criteria set forth in the listings for evaluating the severity of particular impairments. In asserting a condition meets a listing, a claimant bears the burden of demonstrating that his impairment "meet[s] all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severe, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990).

To meet or equal Listing § 12.05C, a claimant must demonstrate the following:

> 12.05 Mental Retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

6

> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> * * *
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.
>
> * * *

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.05C.

Claimant must satisfy all of these required elements for a Listing to be met. <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990). The Social Security Administration's Program Operations Manual System ("POMS") No. DI 24515.056(D)(1)(c) provides the following instructions under Listing 12.05C:

> Slightly higher IQ's (e.g., 70-75) in the presence of other physical or mental disorders that impose additional and significant work-related limitations of function may support an equivalence determination. It should be noted that generally higher the IQ, the less likely medical equivalence in combination with another physical or mental impairment(s) can be found.

POMS DI 24515.056(D)(1)(c).

"This evaluation tool, however, is used only when 'the capsule definition'" — i.e., the introductory paragraph of Listing 12.05 is satisfied. <u>Crane v. Astrue</u>, 369 F. Appx. 915, 921 (10th Cir. 2010) (quoting POMS DI 24515.056(B)(1)). The introductory paragraph or "capsule definition" of Listing 12.05 requires a claimant to satisfy three criteria: (1) "significantly subaverage general intellectual functioning;" (2) "deficits in adaptive behavior;" and

7

(3) "manifested deficits in adaptive behavior before age 22." Wall v. Astrue, 561 F.3d 1048, 1062 (10th Cir. 2009); Randall v. Astrue, 570 F.3d 651, 661 (5th Cir. 2009).

The ALJ stated in his decision that he evaluated Claimant's mental impairments and determined that they did not meet or equal the criteria for Listings 12.04 and 12.05. He stated that he evaluated the paragraph B criteria and found Claimant had mild restrictions in activities of daily living, moderate difficulties in social functioning, moderate difficulties in concentration, persistence or pace, and had experienced no episodes of decompensation of extended duration. (Tr. 29-30). He discussed the findings of Dr. Paul J. Schwartz who evaluated and tested Claimant on October 25, 2011. Dr. Schwartz administered the WAIS-III tested and found Claimant had a Full Scale IQ of 72, Verbal IQ of 75, both of which placed Claimant in the Borderline Range, and a Performance IQ of 68, which indicated functioning in the Mildly Mentally Handicapped Range. Overall, Dr. Schwarz found Claimant's testing profile indicated he was functioning overall within the Borderline Range of intelligence. (Tr. 345-46). Despite expressly recognizing these results, the ALJ concluded Claimant did not meet the paragraph C criteria of Listing 12.05 because he did not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. (Tr. 30).

8

It is clear from the ALJ's decision that he did not consider or at least did not make findings on the capsule definition under Listing 12.05. That is, he did not consider or make findings on Claimant's deficits in adaptive functioning or whether any such deficits occurred prior to the age of 22. This omission creates a problem with this Court's ability to effectively review the rationale behind the decision. *See e.g.* Grogan v. Barnhart, 399 F.3d 1257, 1261-63 (10th Cir. 2005).

Deficits in adaptive functioning under the DSM-IV encompasses "how effectively individuals cope with common life demands and how well they meet the standards of personal independence expected of someone in their particular age group, in the areas of communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health and safety." DSM-IV at 42, 49. Claimant has demonstrated moderate limitations in the ability to maintain concentration, persistence, or pace and the ability to function socially. (Tr. 29). He has also shown deficits in academic functioning. (Tr. 45, 51, 241-42). While some of this evidence was considered by the ALJ, it was not evaluated for deficits in adaptive functioning.

This does not end the required evaluation under the listings. Under Listing 12.05C, Claimant's Performance IQ of 68 meets the criteria for a valid IQ of between 60 and 70. The remaining

question is whether Claimant experiences "a physical or other mental impairment imposing an additional and significant work-related limitation of function." The ALJ determined that Claimant's anxiety and psychosis were controlled with the administration of Risperdal and, therefore, posed no significant functional limitation. (Tr. 32).

This conclusion would appear to be in conflict with the Tenth Circuit's analysis of the required showing in considering the prongs of Listing 12.05C. That Court determined

> we conclude that a decision regarding whether a claimant has a § 12.05C "significant limitation" should "closely parallel" the step two standard, and is to be made without consideration of whether the claimant can perform any gainful activity beyond the analysis as made at step two. See Fanning v. Bowen, 827 F.2d 631, 634 (9th Cir. 1987)(if claimant meets the § 12.05C listing and the durational requirement, see 42 U.S.C. § 1382c(a)(3)(A), "he must be found disabled without consideration of his age, education, and work experience," citing 20 C.F.R. § 404.1520(d)). Thus, a claimant's physical impairment need not be independently disabling to meet the second prong of § 12.05C. Such a requirement would result in a meaningless second prong. See Sird, 105 F.3d at 403 & n. 6. "[S]omething less than a preclusion from any substantial gainful employment must apply." Id. at 403 (quotation omitted).

Hinkle v. Apfel, 132 F.3d 1349, 1352–53 (10th Cir. 1997).

Therefore, the finding that Claimant's anxiety and psychosis were severe impairments at step two should be sufficient to satisfy the second prong of Listing 12.05C. The ALJ's finding to the contrary appears in error. On remand, the ALJ shall expressly evaluate all of the required elements of Listing 12.05C, including

the capsule definition, and set forth his reasoning as to whether Claimant does or does not meet of equal this listing.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the case is REMANDED for further proceedings**.

DATED this 26th day of March, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE